(Superior Court of Cincinnati, 1901.)

Special Term 1901.

JULIA G. BRANNAN v. LEWIS, Auditor, et al.

---

*Notice of Intention to Add to Tax Valuation of Real Estate.*

A statute providing for serving a legal notice by leaving a copy with the person to be served, is not complied with by the process server handing the notice to the person, who immediately hands it back to the server, who departs with it in his possession, and such service is insufficient.

---

DEMPSEY, J.

This matter was heretofore decided by me, but on the request of the defendants, I have given it a reconsideration in the nature of a rehearing on briefs submitted. The first point made is that service was in reality had on Mrs. Brannan at her residence.

The defendants contend that Roberts, the process server, testified that he gave the notice to a servant at Mrs. B's residence, and that said servant handed it back and requested him to take it to Mr. Brannan at his office. My own notes of the evidence do not show Roberts' statement to be brought as claimed. As I have it Roberts testified as follows: "I took it (the notice) to the residence of Mrs. Brannan; the servant said Mrs. Brannan was out of the city, and to take it to Mr. Brannan; he was her agent; she was out of the city; I then went to Mr. Brannan's office and served him personally." But conceding that my notes are lacking, still I do not think the action of Roberts was a legal service.

If we note the various methods of service provided in the statute, we find that service at the residence must be by "leaving" a copy; while service on an agent must be by "delivering" a copy to the agent. Now, if there had been proof that the servant was authorized to act for Mrs. B. in relation to her real estate, the handing of the notice might be a sufficient service by delivery, which could not be annulled by subsequent action on the server's part. But "leaving" the notice means something more; it means parting with the notice at the place prescribed, and a relinquishment of control over it, and where almost instantaneously there is a handing out of the notice, a handing back and a departure of the server with the notice, there certainly is no "leaving" thereof within the meaning of the statute

This may be a very strict and technical construction, but under Britt v. Haggerty, 11 C. C., 115, affirmed by the Supreme Court, all power under this particular statute is *strictissimi juris,* and no intendment is presumed

against the tax-payer and in favor of the board.

Now, as to the question of fact of Mr. Brannan's agency for Mrs. B., it is true that there are some circumstances as to his connection with her property from which it might be inferred that he was authorized to appear for her and waive service. But Mr. Brannan's own testimony on this point is so positive that I am constrained to believe him as against the circumstances.

As to the quantity of property embraced in the description upon which the additional valuation was placed, and as to the quantity which belonged to Mrs. B. at the time of suit brought, it seems to me there ought to be no question between counsel. I find in my notes no specific mention of any dispute as to quantity, except a statement of Mr. McAvoy in argument as to the identification of the property. The duplicate of 1895 shows the valuation as left by the decennial appraisement of 1890; in that year, 1895, the *whole* property, although described in two pieces, was increased $8,130.06, and the increased value appears on the duplicate of 1896 and 1897, and I suppose subsequently. Now, attached to the copy of the original notice, which was used in evidence herein, is a calculation showing how the increase was made, and the particular increase made on particular parts of the property.

The fair books of 1890, still in the Auditor's possession, will show the decennial valuations of that year, and it is purely a matter of subtraction to ascertain how much was the increase on any given lot.

If 25 feet of the property added to has been sold since the addition, an allowance therefor must be made on the total of $8,130.06, and the injunction, as originally ordered, will run against the balance.

J. C. Healy and Malcolm McAvoy for plaintiff.

G. C. Wilson, contra.